# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

AARON MEDDAUGH,

       *Plaintiff,*

CASE NO. 1:22-cv-10654
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

v.

GATEWAY FINANCIAL SERVICES,

       *Defendant.*

_____/

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court *sua sponte* **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) (2018).

**II.   REPORT**

    **A.   FACTUAL BACKGROUND**

Aaron Meddaugh alleges that Gateway Financial Services violated the Fair Debt Collection Practices Act ("FDCPA") by garnishing his wages to collect a debt that he did not owe. (ECF No. 1, PageID.4–5.)  Meddaugh's complaint provides few details about the circumstances underlying his claim.  He alleges that a default judgment was entered against him in 2010 after he purportedly failed to pay a debt. (*Id.* at PageID.5.)  Apparently, Meddaugh did not receive notice of this judgment because "service for that" action had been sent to his former address. (*Id.*)

1

Although Meddaugh alleges that the default judgment against him had expired, Gateway nonetheless requested garnishment of Meddaugh's wages to collect his debt in fall of 2021. (*Id.*) Meddaugh did not know about the garnishment his employer told him that his wages would be garnished starting in January 2022. (*Id.*) However, Meddaugh denies that he owed the debt at issue and claims that he was "not aware of the alleg[ed] debt . . . ." (*Id.*) Meddaugh does not specify what the Gateway claimed the debt was for, nor does Meddaugh specify whether Gateway is a creditor or a debt collection agency. (*Id.*)

After Defendants began garnishing his wages, Meddaugh filed this action, *in forma pauperis*, requesting monetary damages. (*Id.* at PageID.6; ECF No. 2.)

### B. LEGAL STANDARD

Because Meddaugh proceeds *in forma pauperis*, he subjects his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts must *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires

the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C. ANALYSIS**

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (internal quotation marks omitted) (quoting 15 U.S.C. § 1692e (2018)). Concerned with "the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid," Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and ensure that debt collectors were not "competitively disadvantaged" by ethical practices. *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (internal quotation marks omitted) (first quoting 15 U.S.C. § 1692(e) (2018); and then quoting *Swanson v. South Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

Given the FDCPA's goal of protecting vulnerable consumers from abusive debt collection practices, all FDCPA claims must establish two threshold elements. *See Estep v. Manley Deas Kochalski, LLC*, No. 13-3635, 2013 WL 185391, at *2 (6th Cir. Jan. 16, 2014). First, the

3

FDCPA's protections apply only to debt collectors—not ordinary creditors. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698–99 (6th Cir. 2003). And second, the consumer's alleged debt must arise from a transaction for a good or service intended "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) (2018); *Bauman v. Bank of America, N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015). However, Plaintiff does not plead any facts that establish either element.

First, Plaintiff does not allege that Gateway is a debt collector. Under the FDCA, a debt collector is either a person who conducts a business with "the principal purpose of" collecting debts, or a person "who regularly collects" debts on behalf of others. 15 U.S.C. § 1692a(6) (2018). Unlike debt collectors, the FDCPA does not protect consumers against their creditors—the entities who extend credit or "to whom a debt is owed."[1] *Id.*; *Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 764 (6th Cir. 2014).

Even accepting Meddaugh's sparse allegations as true, the Court cannot determine whether Gateway is a debt collector subject to the FDCPA. *Cf. Chavez v. Access Cap. Servs., Inc.*, No. 1:13-cv-01037, 2014 WL 2716876, at *3 (E.D. Cal. June 16, 2014). Without pleading any facts regarding Gateway's interest in the alleged debt, Meddaugh raises nothing more than a "sheer possibility" that Gateway is a debt collector. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Chavez*, 2014 WL 2716876, at *3. For this reason, Meddaugh fails to state a plausible claim for relief and the Court should dismiss his complaint.

Meddaugh also fails to state a plausible claim for relief because he does not allege that the purported debt arose from a "transaction," let alone a transaction intended "primarily for

---

[1] Individuals who "receive[] an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" are not creditors under the FDCPA. *Id.* § 1692a(4).

4

personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5). Not every obligation to pay is considered a debt under the FDCPA—a "transaction" under the FDCPA involves, "at a minimum," a "business dealing" or "consensual obligation." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371–73 (11th Cir. 1998); *accord Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir. 2010); *Fleming v. Pickard*, 581 F.3d 922, 926 (9th Cir. 2009). Debts arising from tort claims or delinquent child support payments, for example, fall outside the scope of the FDCPA because they do not arise from a consensual obligation. *Chavez*, 2014 WL 2716876, at *2; *Foster v. Amarnek*, No. 3:13-516, 2014 WL 1961245, at *3 (M.D. Tenn. May 14, 2014). Likewise, debts arising from commercial transactions, although they may involve business dealings, are not debts under the FDCPA because they are not intended for personal or household purposes. *See Chavez*, 2014 WL 2716876, at *2.

But Meddaugh does not allege that Gateway collected a debt that it claimed arose from a transaction. *See Foster*, 2014 WL 2716876, at *3. And even if Meddaugh made such an allegation, he still does not allege that the transaction was intended for household purposes. *Cf. Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 928 (N.D. Ohio 2009). Accordingly, the Court should dismiss Meddaugh's complaint for failure to state a claim.

### III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to

another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 19, 2022                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge