UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON MEDDAUGH,

              Plaintiff,              Case No. 1:22-cv-10654

v.                                          Honorable Thomas L. Ludington
                                           United States District Judge

GATEWAY FINANCIAL SERVICE,

                                            Honorable Patricia T. Morris
            Defendant.           United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (3) DISMISSING COMPLAINT WITHOUT PREJUDICE**

This matter is before this Court upon Plaintiff's objection, ECF No. 11, to the Magistrate Judge's Report and Recommendation (R&R), ECF No. 8. Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Because Plaintiff's objection is improper, it will be overruled, the R&R will be adopted, and Plaintiff's Complaint will be dismissed without prejudice.

**I.**

Plaintiff Aaron Meddaugh brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p,[1] alleging that Defendant is garnishing his wages to collect a debt that he does not owe. ECF No. 1 at PageID.4–5. Plaintiff's *pro se* Complaint states:

---

[1] For a discussion of the purposes of the FDCPA, see Elwin Griffith, *The Search for Better Communication Between the Debt Collector and the Consumer Under the Fair Debt Collection Practices Act*, 61 U. KAN. L. REV. 179, 179–82 (2012). For an examination of the FDCPA's history, see generally Logan Kraus, Note, *A Forgotten Past Creates A Fractured Present: Why Courts Should Utilize Historical Context When Interpreting Ambiguous Provisions of the 1977 Fair Debt Collection Practices Act*, 102 IOWA L. REV. 1789 (2017).

> Plaintiff was served with a allged debt default that he never recived service for that was sent to Midland county, Plaintiffs former residenece. Plainiff found out about the defaut judgment that was entered in 2010, Defendant filed for garnishment on the allged debt around fall 2021. Plaintiff was told by his job that his wages would be garnished around Januaury. Plaintiff is not aware of the allged debt are ever recivied notice and denies owing Defendant. Defendant filed for garnsigment of the alleged debt that a default was entered for an allged expired judgement of 2010 that was refiled in 2021.
> . . . .
> Plaintiff seeks $75, 000 in damages actual and puntitive damges for Defendant violating the FDCPA by collecting on a expired judgmwent for an allege debt, the violation has caused Plaintiff intentional infliction of distress, Plaintiff is very mad, depressed, and very upset, as the garnishment has cause finanical hardship to Plaintiffs ability to pay his bills.

*Id.* at PageID.5–6.

The case was referred to Magistrate Judge Patricia Morris, ECF No. 5, who issued an R&R recommending that this Court dismiss Plaintiff's Complaint, ECF No. 8. The R&R states that, even construed liberally due to Plaintiff's *pro se* status, Plaintiff's Complaint fails to state a plausible claim for relief under the FDCPA. ECF No. 8 at PageID.20.

Plaintiff filed an objection to the R&R. ECF No. 11. Plaintiff's objection states in full:

> Meddaugh objects to any and all parts of the Magistrates report and recommendation pages. 1- 6, to have his complaint to be dismissed. Meddaugh has submitted an amended complaint, which he ask that this court consider. The alleged debt comes from a car note for a Grand Am 2003, for around $15,000. Also Gateway Financial Services is a debt collector and attorney Scott Schisler is a debt collector who collects debts for Gateway which is subject to the Fair Debt Collection Practices Act (FDCPA). *Goldstein v. Hutton, Ingram, Yuzek, Gainen, 374 F.3d 56 (2nd Cir. 2004)( Fair Debt Collection Practices Act (FDCPA) applies to attorneys "regularly" engaging debt collection activity.)*.
> Meddaugh may have more information in his amended complaint.

*Id.* at PageID.27.

## II.

### A.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### B.

Plaintiff's objection argues that his Complaint should not be dismissed because (1) Defendant is a debt collector and (2) his purported debt arose from a transaction intended for personal, family, or household purposes. *See* ECF No. 11 at PageID.27. But Plaintiff waived those arguments by not raising them before Judge Morris. *Nasser v. Comm'r of Soc. Sec.*, No. 1:20-CV-

11752, 2022 WL 814022, at *8 (E.D. Mich. Mar. 17, 2022) (citing *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (unpublished)).

Moreover, the R&R instructed the parties that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." ECF No.8 at PageID.23. Plaintiff did not label his objection as such. *See generally* ECF No. 11. In this way, Plaintiff did not properly raise his objection. *Behnam v. Comm'r of Soc. Sec.*, No. 1:20-CV-12876, 2022 WL 814018, at *5 n.3 (E.D. Mich. Mar. 17, 2022). Because Plaintiff did not state his objection with specificity, as directed by the Magistrate Judge, Plaintiff has also waived his right to appeal the denial of his objection. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

For these reasons, Plaintiff's objection will be overruled, and the Magistrate Judge's R&R will be adopted.

## C.

Plaintiff also filed an amended complaint with his objection. *See* ECF No. 12. But Plaintiff not only has untimely filed his Amended Complaint under Federal Rule of Civil Procedure Rule 15(a)(1), but also has not requested leave to amend his Complaint as required under Rule 15(a)(2). *See* FED. R. CIV. P. 15(a)(1) and 15(a)(2). Accordingly, Plaintiff's Amended Complaint does not cure the deficiencies of his Complaint or his failure to properly object to the Magistrate Judge's R&R.

For these reasons, Plaintiff's Complaint will be dismissed without prejudice. Because Plaintiff's Complaint will be dismissed without prejudice, he may refile his FDCPA claims against Gateway Financial Service and Attorney Scott Shisler with a more palatable complaint.

- 5 -

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 11, is **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 8, is **ADOPTED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

Dated: May 4, 2022                                s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge